OPINION OF THE COURT
Timothy J. Lawliss, J.
On November 18, 2009, both of Dustin’s parents signed a voluntary placement agreement with the Clinton County Department of Social Services indefinitely placing Dustin with the Department. One of the terms of the agreement stated,
“I understand that if I ask for my child to be returned to me before the date set by the Court for the next permanency hearing, I have the right to the return of my child within twenty days of my request, unless the Court has ordered that my child cannot be returned to me without the Court’s consent or if the Department asks the Court for an order preventing my child from being returned to me.”
To date, neither parent has formally asked the child to be returned pursuant to this term.
Because the placement was likely to last more than 30 days (see Social Services Law § 358-a [1] [a]), on December 7, 2009, the Department of Social Services filed a petition for approval of a placement instrument. Notwithstanding the lack of a formal request to return the child, both the subject child’s father and the subject child’s attorney oppose the petition being granted. On February 10, 2010, the court conducted an evidentiary hearing on the petition to determine whether or not the placement agreement should be approved pursuant to Social Services Law § 358-a (5).[1] Based upon the court’s review of the petition and the evidence presented during the evidentiary hearing, the court makes the following findings.
Social Services Law § 358-a (3) sets forth the requirements for granting the instant petition. In essence, to grant the peti *625 tion, the court must find: (1) that the parents executed the voluntary placement agreement knowingly and voluntarily; (2) that the parents did so because they were unable to make adequate provision for the care, maintenance and supervision of the subject child in their home; (3) that the requirements of section 384-a of the Social Services Law have been satisfied; (4) that it would be contrary to the welfare of the subject child to remain in his home; and (5) that it is in the best interests of the subject child for the petition to be granted, the instrument be approved and the transfer of the custody and guardianship of the subject child be made to the Department of Social Services.[2]
The court finds, contrary to the father’s assertions, that the evidence supports a finding that the Department of Social Services met its burden of proof with respect to the first two requirements set forth in the preceding paragraph. The court now comes to the third requirement and section 384-a of the Social Services Law. Social Services Law § 384-a (1-a) states, in part:
“1-a. Prior to accepting a transfer of care and custody, a local social services official shall commence a search to locate any non-respondent parent of the child and shall conduct an immediate investigation to (a) locate relatives of the child, including all of the child’s grandparents, all suitable relatives identified by either and any relative identified by a child over the age of five as a relative who plays or has played a significant positive role in his or her life, and to inform them of the opportunity for becoming foster parents or for seeking custody or care of the child, and that the child may be adopted by foster parents if attempts at reunification with the birth parents are not required or are unsuccessful; and to determine whether the child may appropriately be placed with a suitable person related to the child and whether such relative seeks approval as a foster parent pursuant to this chapter for the purposes of providing care for such child, or wishes to provide care and custody for the child until the parent or other person responsible for the care of the child is able to resume custody.”
There is no evidence in this record to indicate that this investigation has ever been satisfied, much less prior to accept *626 ing the transfer of the care and. custody of the subject child. The only testimony presented at the hearing regarding relatives was from the Department’s caseworker who testified that the subject child had a 21-year-old half-sibling and that the relationship between that half-sibling and the subject child is unknown. Certainly, no evidence was presented that the Department commenced a search to locate the subject child’s grandparents, all suitable relatives identified by either parent or any relative identified by the child. Indeed, there was no evidence submitted that any inquiries were made to the parents and the child regarding possible relative resources. In addition, there was no information presented that any relative contacted was informed of the opportunity of becoming a foster parent or the other information required to be provided. In the absence of this investigation, the requirements of Social Services Law § 384-a have not been satisfied.
Furthermore, Social Services Law § 358-a (2) concerning the requirements for the contents of a petition of this nature provides, in part:
“In the case of a child whose care and custody have been transferred to a social services official by means of an instrument executed pursuant to section three hundred eighty-four-a of this chapter, the petition shall also allege and there shall be shown by affidavit or other proof satisfactory to the court that all the requirements of such section have been satisfied, including the results of the investigation to locate relatives of the child, including any non-respondent parent and all of the child’s grandparents. Such results shall include whether any relative who has been located expressed an interest in becoming a foster parent for the child or in seeking custody or care of the child.”
In the petition itself, the only reference to relatives is contained in paragraph eight and reads, “at this time there are no relatives who are willing and able to provide for Dustin . . . .” Certainly that statement alone falls far short of the requirements of Social Services Law § 358-a (2). The court notes that there was no affidavit submitted or other proof submitted with respect to this point. Thus, the court concludes that because the petition does not meet the requirement of Social Services Law § 358-a (2) and the court is not satisfied that the Department met the requirements of Social Services Law § 384-a (1-a), the court cannot grant the instant petition.
*627 As an additional cautionary note, Social Services Law § 384-a (2) (c) (i) requires the agency to provide the parents with a list of attorneys or legal services organizations, if any, which provide free legal services to any persons otherwise unable to obtain such services. The instrument signed by the parents and the Department in this case contains a term which reads, “if I cannot pay for or afford to hire [a] lawyer, I have a right to receive from the Department a list of lawyers or organizations that may provide free legal services.” This statement certainly implies that such services are available in Clinton County and that the Department is aware of such services. Under such circumstances, the statute requires that the Department provide the parents with such a list, without the parents asking for the list. Because of the problems with the lack of evidence regarding an investigation, the court need not reach the question in this case whether the defect regarding an attorney list alone is sufficient to render the agreement invalid.
Accordingly, it is hereby ordered, that the petition of approval of a placement instrument filed by the Clinton County Department of Social Services dated December 7, 2009 concerning Dustin O. is hereby dismissed.

. For a variety of reasons, an immediate hearing was not practical and, therefore, the court issued a temporary order on the consent of all parties transferring the care and custody of the subject child to the Department of Social Services on December 15, 2009.

. In addition, the court must make reasonable efforts determinations.